No. 15-6085

---

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

JAMES GOAD, an individual,

Appellant-Plaintiff,

v.

TOWN OF MEEKER, a Municipal
corporation; and SAMUEL D. BYRD, in
his official capacity and as an individual,

Defendants-Appellees.

---

On Appeal from the United States District Court
For the Western District of Oklahoma
The Honorable Joe Heaton
CIV-14-0282-HE

---

**DEFENDANTS-APPELLEES' RESPONSE BRIEF**

---

Stephen L. Geries, OBA # 19101
W. Brett Behenna, OBA # 30485
COLLINS ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1813
(405) 524-2070/Fax: (405) 524-2078
steve@czwglaw.com
brett@czwglaw.com

July 30, 2015                                         **ORAL ARGUMENT NOT REQUESTED**

## TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-v

PRIOR OR RELATED APPEALS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF JURISDICTION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE/STATEMENT OF THE FACTS. . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT AND AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

I.    DEFENDANT BYRD HAD PROBABLE CAUSE TO SEEK AN
      ARREST WARRANT AGAINST PLAINTIFF. . . . . . . . . . . . . . . . . . . 10

      A.    Plaintiff's Discussion of the Two Administrative Statutes
            Contained in Defendant Byrd's Application for Arrest
            Warrant Are Irrelevant to the Issue of Probable Cause. . . . . . . . . . 13

      B.    Plaintiff's Complaints about the Inadequacies of Defendant
            Byrd's Investigation Do Not Dispel the Fact That
            Defendant Byrd Had Probable Cause to Seek an Arrest
            Warrant.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      C.    Plaintiff's Discussion of Probable Cause Is Not the True
            Standard to Be Used When Analyzing Defendant Byrd's
            Conduct in this Case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

II.    PLAINTIFF CITES UNPERSUASIVE AUTHORITY FOR THE PROPOSITION THAT A PROBABLE CAUSE DETERMINATION IS CONSTRICTED TO THE FOUR CORNERS OF A WARRANT APPLICATION AS OPPOSED TO LOOKING AT ALL THE INFORMATION AVAILABLE AND KNOWN TO THE OFFICER.. . . . .  18

III.    THE DISTRICT COURT WAS CORRECT TO HOLD THAT PLAINTIFF CONFESSED HIS CLAIMS RELATING TO FREE SPEECH, RIGHT TO PETITION THE GOVERNMENT, AND DENIAL OF ASSISTANCE OF COUNSEL. . . . . . . . . . . . . . . . . . . . .  20

IV.    WHETHER THE COURT ERRED IN FINDING THAT "MOST OF THE FACTS ARE UNDISPUTED". . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

V.    THE GRANTING OF SUMMARY JUDGMENT IN FAVOR OF THE TOWN OF MEEKER SHOULD BE UPHELD BECAUSE, IN HIS BRIEF FILED WITH THIS COURT, PLAINTIFF FAILED TO MAKE ANY ARGUMENT OR CITE ANY LEGAL AUTHORITY THAT SHOULD CAUSE THE REVERSAL OF THE DISTRICT COURT'S ORDER GRANTING SUMMARY JUDGMENT AS TO THIS DEFENDANT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . .  23

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24, 25

CERTIFICATION OF DIGITAL SUBMISSION. . . . . . . . . . . . . . . . . . . . . .  25

## TABLE OF AUTHORITIES

## CASES

Adler v. Wal-Mart Stores, Inc.,
144 F.3d 664 (10th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Canton v. Cooper,
129 F.3d 1147 (10th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Carroll v. Los Alamos National Security, LLC,
407 Fed. App'x. 348 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Carter v. Gore,
557 Fed. Appx. 904 (11th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Celotex Corp. v. Catrett,
477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Conaway v. Smith,
853 F.2d 789 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cone v. Longmont United Hosp. Ass'n.,
14 F.3d 526 (10th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cris v. City of Kent,
867 F.2d 259 (6th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Devenpeck v. Alford,
543 U.S. 146 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Grider v. City of Auburn, Ala.,
618 F.3d 1240 (11th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Hall v. Bellmon,
935 F.2d 1106 (10th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Illinois v. Gates,
462 U.S. 213 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Illinois v. MacArthur,
531 U.S. 326 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Jones v. City & County of Denver,
854 F.2d 1206 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Joyce v. Adams,
2007 WL 2781196 (S.C. Ga. Sept. 20, 2007). . . . . . . . . . . . . . . . . . . . . . . 19

Kerns v. Bader,
663 F.3d 1173 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Malley v. Briggs,
475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Perry v. Sullivan,
207 F.3d 379 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

Roemer v. Pub. Serv. Co. of Colo.,
911 F. Supp. 464 (D. Colo. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Stonecipher v. Valles,
759 F.3d 1134 (10th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Texas v. Brown,
460 U.S. 730 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Beck,
139 F. App'x 950 (10th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Whiteley v. Warden,
401 U.S. 560 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

iv

<u>Wilder v. Turner,</u>
490 F.3d 810 (10th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>FEDERAL STATUTES AND RULES</u>

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 56(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>OKLAHOMA STATUTES</u>

Okla. Stat. tit. 18, § 2001(14). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Okla. Stat. tit. 21, § 453. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

Okla. Stat. tit. 59, § 1503A(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

Okla. Stat. tit. 59, § 1504(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Okla. Stat. tit. 59, § 1512(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## <u>PRIOR OR RELATED APPEALS</u>

Defendants affirm there have been no prior or related appeals in this matter.

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| JAMES GOAD, an individual, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-6085 |
| | ) | |
| TOWN OF MEEKER, a Municipal | ) | |
| corporation; and SAMUEL D. BYRD, in | ) | |
| his official capacity and as an individual, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

## APPELLEES-DEFENDANTS TOWN OF MEEKER AND SAM BYRD'S RESPONSE BRIEF

The Appellees-Defendants Town of Meeker and Sam Byrd, in his individual capacity (collectively referred to herein as "Defendants") respectfully submit this Brief in Response to Appellant-Plaintiff James Goad's Opening Brief filed on June 24, 2015.

## STATEMENT OF JURISDICTION

Appellant-Plaintiff James Goad ("Plaintiff") commenced this action against the Defendants in the United States District Court for the Western District of Oklahoma, asserting multiple violations of the United States Constitution, as well as claims under Oklahoma state tort law. [Appx., Vol. I, 17-23]. On April 24, 2015, the District Court issued an order granting Defendants summary judgment on all claims. [Appx., Vol. III, 801-819]. Plaintiff filed a timely Notice of Appeal in the District Court on

May 1, 2015.  [Appx., Vol. III, 820-821].  This Court has jurisdiction over this appeal

pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.    WHETHER DEFENDANT BYRD HAD PROBABLE CAUSE TO SEEK AN ARREST WARRANT AGAINST PLAINTIFF.

2.    WHETHER A PROBABLE CAUSE DETERMINATION IS LIMITED TO THE FOUR CORNERS OF A WARRANT APPLICATION.

3.    WHETHER PLAINTIFF CONFESSED CLAIMS IN HIS FIRST CAUSE OF ACTION BY FAILING TO OFFER ANY ARGUMENT OR AUTHORITY TO SUPPORT THE CLAIMS.

4.    WHETHER THE COURT ERRED IN FINDING THAT "MOST OF THE FACTS ARE UNDISPUTED."

5.    WHETHER SUMMARY JUDGMENT IN FAVOR OF THE TOWN OF MEEKER SHOULD BE AFFIRMED GIVEN THAT PLAINTIFF FAILED TO OFFER ANY ARGUMENT OR AUTHORITY TO FURTHER HIS CLAIMS AGAINST THE TOWN OF MEEKER ON APPEAL.

## STATEMENT OF THE CASE/STATEMENT OF THE FACTS

The Department of Consumer Credit is the state agency tasked with the

regulation and licensing of all pawn shops located in Oklahoma.  [Appx., Vol. III:

583].  Meeker Supply and Pawn applied for a pawnbroker license on March 30, 2011,

and then reapplied on April 10, 2012.  [Appx., Vol. III: 591, 608].  Both times that

Meeker Supply and Pawn applied, the only "Member" listed for the company was

Gerald V. Goad.  [Appx., Vol. III: 592, 609].  On May 8, 2012, Plaintiff's wife even

2

went so far as to claim that Meeker Supply and Pawn "is a single member LLC . . . ." [Appx., Vol. II: 379-380, 440]. The record suggest that Plaintiff's wife made this claim because Plaintiff is a convicted felon and listing his name in the application would have resulted in the license being denied. See [Appx., Vol. I: 37, 99]; see also Okla. Stat. tit. 59, § 1503A(B) ("The Administrator shall find ineligible an applicant who has a conviction for a felony crime that substantially relates to the occupation of a pawnbroker . . . .").

On June 4, 2012, Meeker Police Officer Sean Sugrue and Plaintiff got into a disagreement in the driveway in front of Meeker Supply and Pawn. [Appx., Vol. II: 309-318, 472-476]. Plaintiff and Officer Sugrue's argument carried over to City Hall on the same day. [Appx., Vol. II: 323-333, 476, 499].[1] The incident at City Hall was not the first time the Meeker Police Department has had difficulty with Plaintiff. [Appx., Vol. II: 395-396, 460-462].

---

[1]Plaintiff claims the argument with Officer Sugrue was initiated in retaliation for speed trap sign posted in front of Meeker Supply and Pawn. See Appellant's Opening Brief, ECF p. 11. Plaintiff did not create or put up the sign. [Appx., Vol. II: 308]. At his deposition, Plaintiff testified that he did not know when the sign was put in front of the pawnshop. [Appx., Vol. II: 306-307]. Other witnesses testified that the sign was created two weeks after the incident with Officer Sugrue at City Hall. [Appx., Vol. II: 477, 521]. Meeker officers were not upset about the sign and thought it was helpful in getting people to slow down. [Appx., Vol. I: 98; Vol. II: 470-471].

Plaintiff ultimately filed a Citizens Complaint against Officer Sugrue on June 6, 2012. [Appx., Vol. I: 96, 106-108]. Defendant Byrd took the complaint and was assigned the investigation. [Appx., Vol. I: 96-97]. While Defendant Byrd was discussing the complaint with Plaintiff, Plaintiff made suspicious comments about being in prison in the past. [Appx., Vol. I: 33, 99]. Defendant Byrd thought this was suspicious because Plaintiff was claiming to be the owner of Meeker Supply and Pawn. [Appx., Vol. I: 33, 99]. Defendant Byrd's investigation of Plaintiff's Citizens Complaint resulted in a verbal/written warning to Officer Sugrue. [Appx., Vol. I: 97, 111].

Following the conclusion of the Citizens Complaint investigation, Defendant Byrd began an investigation into the ownership of Meeker Supply and Pawn to determine whether Plaintiff was violating state law. [Appx., Vol. I: 99]. Defendant Byrd contacted the Oklahoma Department of Consumer Credit to inquire about the ownership of Meeker Supply and Pawn. [Appx., Vol. I: 99]. Defendant Byrd was informed by the Department of Consumer Credit that Plaintiff was not the owner of the pawnshop. [Appx., Vol. I: 99-100]. The owner was a man named Gerald Goad. [Appx., Vol. I: 100]. Defendant Byrd held off on immediately filing state criminal

charges so that the Alcohol Tobacco and Firearms ("ATF") had time to conduct an independent investigation.  [Appx., Vol. I: 100; Vol. III: 800].[2]

In approximately March 2013, Defendant Byrd heard back from the ATF and was informed that the ATF did not intend to pursue any federal charges against Plaintiff.  [Appx., Vol. I: 100].  Following this conversation, Defendant Byrd finalized all documents needed for the charge packet and submitted a request for criminal charges to the Lincoln County District Attorney's Office.  [Appx., Vol. I: 100-101].  One of the crimes alleged in the request for criminal charges was for a violation of Okla. Stat. tit. 21, § 453, Preparing False Evidence.  [Appx., Vol. I: 33, 35].  The false evidence charge centered around Plaintiff's claim in his Citizens Complaint that he owned Meeker Supply and Pawn when the documents retained by the Department of Consumer Credit showed Plaintiff was not the owner.  [Appx., Vol. I: 101; Vol. III: 548-551, 559-561].  Pam Hammers, a prosecutor with the Lincoln County District Attorney's Office, made the decision to pursue criminal charges against Plaintiff.  [Appx., Vol. III: 543-544, 571].  Defendant Byrd did not

---

[2]Plaintiff's Opening Brief also references a traffic ticket that Plaintiff received on February 16, 2013, eight months after his original incident with Officer Sugrue. See Appellant's Opening Brief, ECF p. 12.  The District Court held that "[t]o the extent plaintiff had asserted a separate First Amendment retaliation claim based on the speeding ticket in his complaint . . . he abandoned it by failing to pursue it. [Appx., Vol. III: 812].  The facts and circumstances of the traffic ticket demonstrate that the traffic ticket was legally justified and Plaintiff was not targeted.  [Appx., Vol. I: 67-69].

request an application for an arrest warrant to retaliate against Plaintiff. [Appx., Vol. I: 101].

Plaintiff turned himself into the Lincoln County Jail after he discovered a warrant was issued for his arrest. [Appx., Vol. II: 355-357]. No one from the Meeker Police Department ever arrested Plaintiff for the charges requested by Defendant Byrd and ultimately filed by the Lincoln County District Attorney's Office. [Appx., Vol. II: 355-357]. No one from the Town of Meeker had any involvement in the way the case was prosecuted by Ms. Hammers, and Defendant Byrd had no contact with Ms. Hammers while the case was being prosecuted. [Appx., Vol. I: 101; Vol III: 561-564]. On August 7, 2013, Plaintiff's criminal case was dismissed without prejudice. [Appx., Vol. III: 570]. Ms. Hammers dismissed the case because she thought it was in the best interest of justice. [Appx., Vol. III: 570]. Ms. Hammers' decision to dismiss Plaintiff's criminal case was not a comment on the overall guilt or innocence of the Plaintiff. [Appx., Vol. III: 568-569].

## SUMMARY OF ARGUMENT

The District Court was correct in holding that the evidence in the record supported a finding that Defendant Byrd's decision to seek an arrest warrant against Plaintiff was supported by probable cause. The fact that two other statutes were mentioned in the warrant application has no bearing on the probable cause analysis

because those statutes were not necessary to the finding of probable cause. Moreover, Defendant Byrd was not required to confirm Plaintiff's guilt beyond a reasonable doubt before seeking an arrest warrant. Instead, Defendant Byrd was entitled to submit his application once probable cause was established.

Furthermore, Defendant Byrd is entitled to qualified immunity if there is simply arguable probable cause (i.e. an objectively reasonable basis) for concluding that Plaintiff committed the crime charged. Given that the District Court was correct in holding that there was probable cause to arrest Plaintiff, the lower burden of arguable probable cause was met as well. Defendant Byrd is entitled to qualified immunity and the lower court's decision should be affirmed.

The District Court's probable cause analysis was not limited to the four corners of the warrant application. The Eleventh Circuit has held that qualified immunity requires courts to analyze the entirety of the factual evidence available to the officer. Any other rule would unfairly punish officers not for constitutional violations, but for deficient drafting skills.

Plaintiff waived some of the claims in his First Cause of Action because he failed to support those claims with argument and authority. Plaintiff's argument that he extensively argued "retaliation" does not salvage these claims because allegations

of "retaliation" apply to Plaintiff's Second Cause of Action, which is a separate and distinct cause of action from the claims deemed confessed by the District Court.

Finally, summary judgment in favor of the Town of Meeker should be upheld because, in his Brief filed with this Court, Plaintiff failed to make any argument or cite and legal authority that should cause the reversal of the District Court's Order granting summary judgment as to the Town of Meeker.

## STANDARD OF REVIEW

The grant or denial of summary judgment is reviewed <u>de novo</u>, applying the same legal standard employed by the District Court pursuant to Rule 56 of the Federal Rules of Civil Procedure. <u>Wilder v. Turner</u>, 490 F.3d 810, 813 (10th Cir. 2007). That standard provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986), the Supreme Court held that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." It further held that "if the evidence is merely colorable, or not significantly probative, summary judgment may

be granted." Id.  In addition, the Court stated that "the mere existence of a scintilla of evidence in support of a plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." Id.  A movant's summary judgment burden may properly be met by reference to the lack of evidence in support of plaintiff's position.  See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998) (citing Celotex, 477 U.S. at 325).

Furthermore, as described by the court in Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526 (10th Cir. 1994), "[e]ven though all doubts must be resolved in (the nonmovant's) favor, allegations alone will not defeat summary judgment." Cone at 530 (citing Celotex, 477 U.S. at 324); see also Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991); Roemer v. Pub. Serv. Co. of Colo., 911 F. Supp. 464, 469 (D. Colo. 1996).  Moreover, "(i)n response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988).

## ARGUMENT AND AUTHORITY

**I.    DEFENDANT BYRD HAD PROBABLE CAUSE TO SEEK AN ARREST WARRANT AGAINST PLAINTIFF.[3]**

"Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Jones v. City & County of Denver, 854 F.2d 1206, 1210 (10th Cir. 1988). "[T]he question whether probable cause exist[s] . . . does not require proof beyond reasonable doubt." Kerns v. Bader, 663 F.3d 1173, 1188 (10th Cir. 2011). "It does not even require the suspect's guilt to be 'more likely true than false.'" Id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)).[4]  Probable cause is an objective determination. Devenpeck v. Alford, 543 U.S. 146, 153 (2004) ("Our

_____

[3]As an initial matter, Defendants point out that it is unclear which claims Plaintiff is intending to pursue on appeal.  Defendants understand that Plaintiff's discussion of probable cause is relevant to multiple claims that Plaintiff raised in the district court below; in particular, malicious prosecution, retaliation, and false arrest. However, Plaintiff's Opening Brief never actually states which claims his discussion of probable cause is intended to salvage.  This forced Defendants to play a guessing game as to what claims should be addressed and in how much detail.

[4]Plaintiff incorrectly cites this Court's case law in his Opening Brief.  See Appellant's Opening Brief, ECF p. 20 ("That is, under Tenth Circuit law, Chief Byrd was required to show in his Application that these three 'crimes' were committed and that it was more likely than not that Mr. Goad committed the 'crimes.'").  Plaintiff cites no authority to support this statement of law.

cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.").

In <u>Illinois v. Gates</u>, 462 U.S. 213, 241-46 (1983), the Supreme Court held that an anonymous letter alleging that a defendant was involved with selling illegal drugs combined with law enforcement's observation of defendant, which seemed to confirm the letter's allegations, was sufficient to establish probable cause even though none of defendant's observed actions were themselves illegal and an entirely innocent explanation may have existed to explain defendant's actions.   In <u>Illinois v. MacArthur</u>, 531 U.S. 326, 331-32 (2001), the Supreme Court held that a wife's statement, while in the middle of a domestic dispute with her husband, that her husband had dope in the house was sufficient to create probable cause of criminal activity.

The District Court was correct when it found that Defendant Byrd had probable cause to seek an arrest warrant against Plaintiff.   The Lincoln County District Attorney's Office charged Plaintiff with a violation of Okla. Stat. tit. 21, § 453.   This statute states "[a]ny person guilty of falsely preparing any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law, shall be guilty of a felony."

11

At the time of his application for arrest warrant, Defendant Byrd was aware of the following information. First, Defendant Byrd was aware that Plaintiff stated in his Citizens Complaint, signed June 6, 2012, that he was the owner of Meeker Supply and Pawn. [Appx., Vol. I: 96, 106-108]. This established that Plaintiff prepared a writing, and that Plaintiff had the intent to produce that writing. Defendant Byrd knew that investigations of citizen complaints were required by the Meeker Police Department Standard Operating Procedures, which in turn were authorized by vote of the Town of Meeker Board of Trustees. [Appx., Vol. I: 101]. This established that Plaintiff's writing was produced for an inquiry authorized by law. Defendant Byrd knew that Plaintiff became very nervous when he let slip during his discussion of his Citizens Complaint against Officer Sugrue that he had been to prison in the past. [Appx., Vol. I: 99]. This gave Defendant Byrd a reason to believe that Plaintiff's Citizen Complaint may contain false information, given that felons can be barred from obtaining a pawnshop license. See Okla. Stat. tit. 59, § 1503A(B).

Defendant Byrd knew that according to the records with the Oklahoma Department of Consumer Credit, Plaintiff was not the owner of Meeker Supply and Pawn. [Appx., Vol. I: 99-100; Vol. III: 583-617]. Defendant Byrd knew this information because he called the Department of Consumer Credit, the agency tasked with regulating and licencing pawnshops, and that is what he was told. [Appx., Vol.

I: 99-100].  This gave Defendant Byrd sufficient information to lead a prudent officer to believe that Plaintiff falsely prepared his Citizen Complaint by making a false statement in a document that was notarized and sworn to be true.[5]  The above stated facts make clear that Defendant Byrd had probable cause to believe that Plaintiff had committed the crime charged, and the District Court's Order should be affirmed.

### A.    Plaintiff's Discussion of the Two Administrative Statutes Contained in Defendant Byrd's Application for Arrest Warrant Are Irrelevant to the Issue of Probable Cause.

Plaintiff's Opening Brief repeatedly states that two of the crimes listed in Defendant Byrd's application for arrest warrant were administrative statutes and not criminal.  This claim is not entirely true.  <u>See</u> Okla. Stat. tit. 59, § 1512(C)(1) ("Any person who engages in the business of operating a pawn shop without first securing the license prescribed by this act shall be guilty of a misdemeanor . . . .").  However, the fact that one of the statutes is administrative has no bearing on the Court's decision regarding probable cause.  The Lincoln County District Attorney's Office only charged Plaintiff with one criminal violation.  [Appx., Vol. III: 552-553, 571, 577].  The two other possible violations were left for another state agency to deal with.  [Appx., Vol. III: 552-553, 577].

---

[5]To avoid any confusion about what Plaintiff meant in his Citizens Complaint, Plaintiff was asked by Defendant Byrd on June 6th whether he was the owner of Meeker Supply and Pawn.  Plaintiff responded that he was the owner.  [Appx., Vol. I: 33].

This Court has held that "the Fourth Amendment's warrant requirement is violated when 'a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affined in the warrant affidavit' if the false statement is necessary to a finding of probable cause." Canton v. Cooper, 129 F.3d 1147, 1154 (10th Cir. 1997). The statements regarding the two administrative statutes were not necessary to a finding of probable cause because those crimes were not pursued by the District Attorney's Office.

Instead, the District Attorney's Office focused only on the crime relating to the false statement. To that end, the prosecutor assigned the case called the Department of Consumer Credit to confirm the information that was relayed by Defendant Byrd. [Appx., Vol. III: 548-554, 559-561]. The prosecutor spoke with Lindsey Lundy, a Department of Consumer Credit employee, and was told by Ms. Lundy that Plaintiff was not the owner of Meeker Supply and Pawn. [Appx., Vol. III: 548-554, 559-561]. Ms. Lundy was then endorsed as a witness in the prosecution's case. [Appx., Vol. III: 572, 577]. Therefore, an independent party reached the same conclusion as Defendant Byrd, that there was probable cause to believe that Plaintiff had falsely prepared a writing with the intent to produce it for an inquiry authorized by law. [Appx., Vol. III: 549, 558].[6]

---

[6]It is important to note that the prosecutor admits that no one from the Town of Meeker pressured her into filing felony charges against Plaintiff. [Appx., Vol. III:

**B.     Plaintiff's Complaints about the Inadequacies of Defendant Byrd's Investigation Do Not Dispel the Fact That Defendant Byrd Had Probable Cause to Seek an Arrest Warrant.**

Plaintiff's Opening Brief, at ECF p. 23, states that Defendant Byrd's investigation was "grossly" inadequate.  Plaintiff states that Defendant Byrd should have contacted the Secretary of State or interviewed Plaintiff to discover the truth about the ownership of Meeker Supply and Pawn.  Plaintiff's suggestion of additional investigative techniques does not dispel the fact that Defendant Byrd had probable cause.  As the Sixth Circuit has noted, "[a] policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."  Cris v. City of Kent, 867 F.2d 259, 263 (6th Cir. 1988).

The facts initially discovered by Defendant Byrd were that the Department of Consumer Credit stated Plaintiff was not the owner of Meeker Supply and Pawn.  As the District Court pointed out below, "Plaintiff offers nothing . . . to support the assertion that an officer cannot rely on oral statements as a basis for determining probable cause." [Appx., Vol. III: 815].

---

558-564].

The District Court also correctly held that information relayed by the Department of Consumer Credit constituted a reliable source. "Under part C of the pawnbroker license application, which is '[t]o be completed only if applicant is a limited liability company' there are four lines." [Appx., Vol. III: 815]. "Under each is written 'Full name of Member.'" [Appx., Vol. III: 815]. The District Court noted that Okla. Stat. tit. 18, § 2001(14) states "A 'Member' means a person with an ownership interest in a limited liability company . . . ." [Appx., Vol. III: 815]. Furthermore, Okla. Stat. tit. 59, § 1504(A) requires that:

> Applications for a pawnshop license shall be under oath and shall state the full name and place of residence of the applicant. If the applicant is a partnership, the full name and place of residence of each member thereof shall be stated. If the applicant is a corporation, the full name and place of residence of each officer or major stockholder thereof shall be stated.

In the opinion of the District Court, "[c]learly the intent is that each member of the LLC is expected to sign or be identified in the application." [Appx., Vol. III: 815].

Meeker Supply and Pawn completed the application twice. [Appx., Vol. III: 591, 608]. Both times the only "member" listed is Gerald V. Goad. [Appx., Vol. III: 592, 609]. To further compound this deficiency, Plaintiff's wife actually sent an email to the Department of Consumer Credit regarding the pawnshop's application

stating that "[t]he Pawn Shop is a single member LLC . . . ." [Appx., Vol. II: 379-380, 440].

The law and facts stated above clearly demonstrates that Defendant Byrd, and the prosecutor for that matter, were justified in relying on the Department of Consumer Credit's statement that Plaintiff was not the owner of Meeker Supply and Pawn when determining whether there was probable cause for arrest and criminal charges in this case.

### C.    Plaintiff's Discussion of Probable Cause Is Not the True Standard to Be Used When Analyzing Defendant Byrd's Conduct in this Case.

To receive qualified immunity from § 1983 liability, an officer need not have actual probable cause, but only arguable probable cause. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1257 (11th Cir. 2010); Stonecipher v. Valles, 759 F.3d 1134, 1141 (10th Cir. 2014) ("In the context of a qualified immunity defense on an unlawful search or arrest claim, we ascertain whether a defendant violated clearly established law by asking whether there was arguable probable cause for the challenged conduct") (internal citations omitted).  "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." Id.  "Showing arguable probable cause does not, however, require proving every element of a crime." Grider, 618 F.3d at 1257.

The standard to be used in this case is not simply whether Defendant Byrd had probable cause to seek an arrest warrant, but did he have arguable probable cause. For the reasons stated in Propositions I(A) and I(B), <u>supra</u>, Plaintiff will be unable to show that Defendant Byrd's decision was objectively unreasonable based on the information he was aware of at the time. This is especially true given that the prosecutor in the case was given the same information and independently reached the same conclusion.

## II.    PLAINTIFF CITES UNPERSUASIVE AUTHORITY FOR THE PROPOSITION THAT A PROBABLE CAUSE DETERMINATION IS CONSTRICTED TO THE FOUR CORNERS OF A WARRANT APPLICATION AS OPPOSED TO LOOKING AT ALL THE INFORMATION AVAILABLE AND KNOWN TO THE OFFICER.

Plaintiff's Opening Brief, at ECF p. 27 and 28, cites two criminal cases, <u>United States v. Beck</u>, 139 F. App'x 950 (10th Cir. 2005) and <u>Whiteley v. Warden</u>, 401 U.S. 560 (1971), for the proposition that a determination of probable cause is limited to the facts stated in the warrant application. Neither <u>Beck</u> nor <u>Whiteley</u> dealt with a determination of liability on the part of an officer in the context of qualified immunity. Plaintiff's attempt to expand their holdings to a separate and distinct legal framework is without merit.

In <u>Carter v. Gore</u>, 557 Fed. Appx. 904, 909 (11th Cir. 2014), the Eleventh Circuit recently addressed this issue and held that "qualified immunity is not lost

when all the evidence available to the officer establishes at least arguable probable cause, even if this evidence is not listed in an affidavit." In <u>Carter</u>, the court stated that its holding is based on the language found in <u>Malley v. Briggs</u>, 475 U.S. 335 (1986). <u>Id.</u> In particular, the court pointed out that "<u>Malley</u> explicitly states that the officer commits a violation only if her affidavit lacked probable cause <u>and</u> she 'should not have <u>applied</u> for the warrant.'" <u>Id.</u> (emphasis in original). The court noted that inherent in the language "and should not have applied for the warrant" is an understanding that a reviewing court must review all information known to the officer when determining what the officer should or should not have done. <u>Id.</u>

The court in <u>Carter</u> also cited to <u>Joyce v. Adams</u>, 2007 WL 2781196, at *6 (S.C. Ga. Sept. 20, 2007) to further explain the reasoning behind its decision. In <u>Joyce</u>, the court held:

> [T]he loss of qualified immunity requires not only that a reasonable officer would have found an affidavit to be lacking, but also that the entirety of the factual evidence available to the officer fails to establish probable cause. To interpret [Malley v. Briggs] otherwise would unfairly penalize officers who, despite having developed necessary probable cause to arrest a suspect, have filed an insufficient affidavit because of deficient drafting skills.

<u>Malley</u>, <u>Carter</u>, and <u>Joyce</u> make clear that it was right for the District Court to consider the evidence given to Defendant Byrd by the Department of Consumer Credit, even though that information was not put in Defendant Byrd's warrant

application.  This is especially true in a case like this, where the record clearly verifies and supports the fact that Defendant Byrd relayed the information known to him to the prosecuting attorney prior to charges ever being filed.  Plaintiff's claim that probable cause is limited to the four corners of a warrant application is without merit and should be rejected by the Court.

## III.  THE DISTRICT COURT WAS CORRECT TO HOLD THAT PLAINTIFF CONFESSED HIS CLAIMS RELATING TO FREE SPEECH, RIGHT TO PETITION THE GOVERNMENT, AND DENIAL OF ASSISTANCE OF COUNSEL.

Plaintiff's argument on appeal fails to understand the ruling of the District Court below.  In Plaintiff's Complaint, Plaintiff's First Cause of Action set out a number of civil rights violations, including the right to free speech, the right to petition the government for a redress of grievances, and the right to assistance of counsel.  [Appx., Vol. I: 17].  Plaintiff's Second Cause of Action stated a claim for Retaliation under 42 U.S.C. § 1983.  [Appx., Vol. I: 19].  Defendants challenged all of Plaintiff's claims for relief in their Motion and Brief for Summary Judgment.  [Appx., Vol. I: 52-94].  In the Order granting Summary Judgment, the District Court noted that Plaintiff failed to offer any argument or authority to support some of the claims alleged in Plaintiff's First Cause of Action.  [Appx., Vol. III: 811].  The court considered these claims confessed.  [Appx., Vol. III: 811].

Now on appeal, Plaintiff claims that it was error to consider these claims confessed. To that end, Plaintiff states "Mr. Goad presented argument in his Response to Defendants' Motion for Summary Judgment that the aforementioned First Amendment rights were violated when Chief Byrd filed his baseless Application in **retaliation** for Mr. Goad's exercise of those rights." <u>See</u> Appellant's Opening Brief, ECF p. 30 (emphases added). Plaintiff further states that "Mr. Goad presented extensive argument in support of his First Amendment **retaliation** argument." <u>See</u> Appellant's Opening Brief, ECF p. 301 (emphases added). These statements highlight Plaintiff's misunderstanding.

Plaintiff's argument regarding "retaliation" only relate to Plaintiff's Second Cause of Action, which is a claim that the District Court thoroughly addressed and was not considered waived. [Appx., Vol. III: 812-816]. What the district court did consider waived were Plaintiff's apparently separate and distinct claims for a free speech violation, a violation of the right to petition the government for redress of grievances, and a violation of the right to the assistance of counsel, as stated in Plaintiff's First Cause of Action.

Plaintiff's attempt to salvage these claims by stating that he extensively argued "retaliation" in his earlier Response misses the mark. The issue of retaliation relates to a different Cause of Action. Referring to this argument does nothing to show that

21

the District Court's decision, finding Plaintiff's claims in his First Cause of Action

confessed, was error.  Given that Plaintiff has still failed to offer any argument or

legal authority to support the claims raised in his First Cause of Action, the District

Court's decision should be affirmed.

## IV.  WHETHER THE COURT ERRED IN FINDING THAT "MOST OF THE FACTS ARE UNDISPUTED."

Defendants respectfully submit that the record in this case speaks for itself.

Defendants do not believe any further response to this Proposition is necessary.

## V.  THE GRANTING OF SUMMARY JUDGMENT IN FAVOR OF THE TOWN OF MEEKER SHOULD BE UPHELD BECAUSE, IN HIS BRIEF FILED WITH THIS COURT, PLAINTIFF FAILED TO MAKE ANY ARGUMENT OR CITE ANY LEGAL AUTHORITY THAT SHOULD CAUSE THE REVERSAL OF THE DISTRICT COURT'S ORDER GRANTING SUMMARY JUDGMENT AS TO THIS DEFENDANT.

To the extent that Plaintiff's appeal is intended to apply against Defendant

Town of Meeker ("Meeker"), Meeker notes that Plaintiff has failed to advance any

argument in support of this request, and has not cited any legal authorities to support

liability on behalf of Meeker.  Therefore, Meeker respectfully submits that Plaintiff

has waived his right in this respect, and the District Court's Judgment in favor of this

Defendant should be affirmed.  See Carroll v. Los Alamos National Security, LLC,

407 Fed. App'x. 348, 351 n.* (10th Cir. 2011) (stating that the appellant's failure to

include legal argument or to cite to authority results in a waiver).  See also Perry v.

22

Sullivan, 207 F.3d 379, 383 (7th Cir. 2000) (holding that the proposition was waived, noting that "[e]ven if [appellant's] argument made sense, Perry cited no authority for this proposition and devoted less than one sentence in the brief.").

## CONCLUSION

For the reasons stated, Defendants Town of Meeker and Sam Byrd respectfully request that the Court affirm the District Court's Order granting their Motion and Brief for Summary Judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Defendants the Town of Meeker and Sam Byrd do not request oral argument. The District Court's Order granting summary judgment was comprehensive and correct, and the case law does not support Plaintiff's contentions.

## CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(a)(7)(B)(i), I certify that this brief is proportionally spaced and contains 5,239 words. I relied on my word processor, WordPerfect X6, to obtain this count.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

/s/ W. Brett Behenna
W. Brett Behenna

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d)(2), I hereby certify that on this 30th day of July, 2015 the foregoing brief was filed electronically the CM/ECF system with the Court and that the requisite number of true and correct copies of the foregoing brief is being forwarded by first class mail to the Court within two days of the date of electronic transmission:

Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

24

Further, pursuant to Fed. R. App. P. 25(d)(1), I hereby certify that on this 30th day of July, which caused the following parties or counsel in this matter to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Jack S. Dawson
Patrick H. Lane
Miller Dollarhide
210 Park Avenue, Suite 2550
Oklahoma City, OK  73102


/s/ W. Brett Behenna
W. Brett Behenna

## CERTIFICATION OF DIGITAL SUBMISSION

I certify that all required privacy redactions have been made and, with the exception of those redactions, the digital submission is an exact copy of the written document filed with the Clerk, and the digital submissions have been scanned for viruses with Vipre Business, Version 6.2.5530.0, updated July 30, 2015 and, according to the program, is free of viruses.

I further certify that all paper copies submitted to the Court are exact copies of the version submitted electronically.


/s/ W. Brett Behenna
W. Brett Behenna